UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN M. BROKEMOND,<br><br>Defendant. | Case No.  6:21-po-00150-HBK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 13) |

On June 4, 2024, Defendant Shawn Brokemond ("Defendant" or "Brokemond") provided a financial affidavit, Form CJA 23, to the Court.  (Doc. No. 12. "Financial Affidavit").  Brokemond was issued a mandatory appearance for violating 36 C.F.R. § 2.17(a)(3), Delivering or Retrieving a Person or Object by Airborne Means (Violation No. 9293688), a Class B misdemeanor.  (Doc. No. 1).  Brokemond's initial appearance is scheduled for August 13, 2024 at 1:00 P.M.  (Doc. No. 11).  The Court construes Brokemond's Financial Affidavit as a motion seeking appointment of counsel.  (Doc. No. 13).

A defendant is automatically entitled to the appointment of counsel under certain circumstances, including when charged with a felony or a Class A misdemeanor. 18 U.S.C. § 3006A(a)(1); *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Gideon v. Wainwright,* 372 U.S. 335 (1963). *See also* General Order 663, V.A.1. (E.D. Cal. March 23, 2023).  Otherwise, the court has

1  discretion to appoint counsel for a defendant charged with a Class B misdemeanor or a petty
2  offense for which a sentence of confinement is authorized. 18 U.S.C. § 3006A(a)(2)(A).  In
3  exercising its discretion, the court must find both that: (1) a defendant is financially eligible; and
4  (2) the interests of justice require appointment of counsel. *Id.*, *see also* General Order
5  663.V.A.2.a.

6  In determining whether a defendant is financially unable to obtain adequate
7  representation, the court considers "the person's and their dependents' costs for life's necessities,
8  any cost to securing the person's pretrial release, any assent encumbrance, and the likely cost to
9  retain counsel in their case." General Order 663.V.B.2.d.  A review of the Brokemond's
10 Financial Affidavit indicates her approximate monthly income is $3,000 per month and value of
11 her home, vehicles, and savings are $2,057,000.  (Doc. No. 12).  Defendant acknowledges she
12 additionally holds stocks and/or bonds in a retirement account but does not provide a value for the
13 account.  (*Id.*).  Defendant approximates her monthly expenditures to be $13,215 and has cash in
14 a savings or checking account of $7,000 after monthly expenses.  (*Id.*).  Notably, Defendant
15 "splits her assets and liabilities with her husband, David Hennage."  (*Id.*).

16 When a defendant's "family indicates willingness and financial ability to retain counsel
17 promptly," the initial determination of eligibility can consider Defendant's family's finances.
18 *Standards for Eligibility*, Admin Office of the U.S. Courts, Guide to Judiciary Policies and
19 Procedures, Vol 7, pt. A, §210.40.50.  Here, Brokemond included in her financial affidavit a
20 reference to her husband's financial affidavit "for review as well."[1]  (Doc. No. 12).  Brokemond
21 also states she "splits her assets and liabilities with her husband," which indicates the Court may
22 consider their combined $15,000 monthly income.  While "any doubts as to a person's eligibility
23 should be resolved in the person's favor," the Court does not find that Brokemond's "net financial
24 resources and income are insufficient to obtain qualified counsel." *Standards for Eligibility*,
25 Admin Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol 7, pt. A,
26 §210.40.30.  Instead, Defendant's Financial Affidavit reflects that she would be able to afford life
27 necessities if she was required to pay for private counsel.  Thus, the Court does not find

---

[1] Brokemond's husband David Hennage is defendant in case 21-po-00162-HBK.

Brokemond financially eligible for appointment of counsel.

Furthermore, at this stage of the proceedings, the Court cannot find that the interests of justice warrant appointment of counsel, even if Defendant was deemed financially eligible. *See generally*, General Order 663.V.A.3. The maximum *possible* penalties that Brokemond faces, if convicted, include not more than six-month's imprisonment, $5000 fine, five-year term of probation, and $10 special assessment. 18 U.S.C. §§ 1865(a), 3571(b)(6), 3561(c)(2). Counsel must be appointed if a financially eligible defendant <u>will be</u> sentenced to a term of imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's right to counsel simply because the crime charged carries with it the possibility of imprisonment." *United States v. Tobey*, 2020 WL 1451590, *3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*, 440 U.S. 367, 73-74 (1979) (holding that appointment of counsel is not required for an indigent defendant when imprisonment upon conviction is authorized but not imposed)). At this time, there has been no determination whether the government is seeking a term of imprisonment nor that the Court would be inclined to impose one if the Defendant was convicted of the Class B misdemeanor offense.

Accordingly, it is **ORDERED**:

Defendant's construed motion for appointment of counsel (Doc. No. 13) is DENIED.

Dated:    July 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE